IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
09/07/2007

| | | |
|---|---|---|
| IN RE:<br>DONALD LEE YOUNG<br>    Debtor(s) | § § § § | CASE NO: 07-80119<br><br>CHAPTER 13 |
| CHRIS DI FERRANTE<br>    Plaintiff(s) | § § § | |
| VS. | § § | ADVERSARY NO. 06-3195 |
| DONALD YOUNG, *et al*<br>    Defendant(s) | § § § | |
| IN RE:<br>DORIS ANN YOUNG<br>    Debtor(s) | § § § § | CASE NO: 06-80534<br><br>CHAPTER 7 |
| DORIS YOUNG<br>    Plaintiff(s) | § § § | |
| VS. | § § | ADVERSARY NO. 06-8044 |
| JONATHAN S DAVIDSON FAMILY<br>TRUST, et al<br>    Defendant(s) | § § § § | |
| CHRIS DI FERRANTE<br>    Plaintiff(s) | § § § | |
| VS. | § § | ADVERSARY NO. 07-3383 |
| DONALD LEE YOUNG<br>    Defendant(s) | § § § | |

**MEMORANDUM OPINION**

1

A dispute between Donald and Doris Young and Chris Di Ferrante has devolved into a litigation quagmire that is costing inordinate amounts of money, time and judicial resources. While much of the waste of treasure is borne by the parties, some is being borne by the taxpayers.

The litigation has spawned 17 federal court proceedings, several state court lawsuits, countless hours of testimony, and dozens of motions. Nevertheless, the Youngs are content to disregard the Court's orders while Di Ferrante continues to file lengthy motions and endless mountains of exhibits. The litigation is not a major corporate dispute; the dispute revolves around the exempt status of a deteriorated residential property.

It is time that the federal chapter of this litigation comes to an end. Section 105 of Title 11 authorizes this Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Pursuant to § 105, the Court may act *sua sponte* in "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules or to prevent an abuse of process." 11 U.S.C. § 105(a). In furtherance of the commands of § 105, the Court has considered all of the pending litigation and determined that no further evidence would assist the Court in arriving at a just conclusion. Accordingly, this Order is issued to prevent further abuses and to assure that the parties receive a just result.

Although Di Ferrante, acting as his own counsel, may be over-lawyering this dispute, the Youngs have attempted to place themselves above the law. They have consistently refused to comply with this Court's discovery orders. Such failures have resulted in the imposition of substantial sanctions, only some of which are detailed below. Because of those sanctions, the disposition of the "crown jewel" of the litigation—a property located in Kemah that has been

subject to condemnation by the City of Kemah[1]—is now apparent. All that is left for decision are miscellaneous matters that would normally be disposed of in an orderly manner. However, isolated decisions in the multifarious litigation that has been spun by the parties will not bring this matter to a close. Accordingly, this Court issues this Memorandum Opinion to resolve all outstanding disputes.

The Court recognizes that certain matters are now before the District Court for consideration. The Court does not believe that this Memorandum Opinion interferes with the District Court's exclusive jurisdiction over those matters. All appeals have been decided, albeit in certain instances with pending motions for reconsideration. No stay has been issued by the District Court. The only undecided matter remaining before the District Court concerns a Report and Recommendation made by this Court in adversary 06-8044, in which the Court recommended that the District Court withdraw the automatic reference under 28 U.S.C. § 157(d). Because the District Court has not yet acted on the Report and Recommendation, jurisdiction over adversary proceeding 06-8044 remains with this Court.

**Federal Litigation**

The following chart is a synopsis of the related litigation history in federal court[2]:

| Case # | Court/Judge | Description of Case or Proceeding | Debtor or Lead Parties | Disposition/Status | Appeal Status |
|---|---|---|---|---|---|
| 03-36052 | S.D. Tex. Bankruptcy (Greendyke) | Chapter 13 bankruptcy | Donald Young | Dismissed | |

---

[1] The Court is not aware of the current condemnation status. On January 10, 2007, the Court issued an order declining to extend the automatic stay in which the Court found that "Ms. Young has allowed her home to deteriorate to the point that it has been condemned by the City of Kemah. Pictures introduced at the hearing and the City's condemnation report reflect that Ms. Young's home is both dangerous and an eyesore to the community."

[2] One additional bankruptcy case is not listed. It was filed by Donna Holcomb in 2003 that appears to be unrelated to the present dispute. That case was dismissed without a discharge.

3

| Case # | Court/Judge | Description of Case or Proceeding | Debtor or Lead Parties | Disposition/Status | Appeal Status |
|---|---|---|---|---|---|
| 03-38300 | S.D. Tex. Bankruptcy (Brown) | Chapter 11 bankruptcy | Two Story Enterprises | Dismissed | |
| 05-44312 | S.D. Tex. Bankruptcy (Clark) | Chapter 11 bankruptcy | Two Story Enterprises | Dismissed with prejudice | |
| 05-94375 | S.D. Tex. Bankruptcy (Isgur) | Chapter 13 bankruptcy | Donald Young | Dismissed with prejudice | |
| 06-3195 | S.D. Tex. Bankruptcy (Isgur) | Adversary Proceeding | Di Ferrante v. Young | Partial summary judgment against Youngs | |
| 06-3302 | S.D. Tex. Bankruptcy (Isgur) | Adversary Proceeding | Young v. Di Ferrante | Summary judgment against Youngs; | Affirmed |
| 06-8044 | S.D. Tex. Bankruptcy (Isgur) | Adversary Proceeding | Young v. Davidson Trust | Report and recommendation that District Court withdraw reference. Abated pending decision. | Report and recommendation pending |
| 06-80397 | S.D. Tex. Bankruptcy (Isgur) | Chapter 7 bankruptcy | Doris Young | Dismissed | |
| 06-80534 | S.D. Tex. Bankruptcy (Isgur) | Chapter 7 bankruptcy | Doris Young | Discharged. Debtor seeks to vacate discharge. | |
| 07-3383 | S.D. Tex. Bankruptcy (Isgur) | Adversary Proceeding | Di Ferrante v. Young | Initial Rule 26 conference scheduled 10/04/2007 | |
| 07-80119 | S.D. Tex. Bankruptcy (Isgur) | Chapter 7 bankruptcy | Donald Young | Pending; objection to discharge filed | |
| 06-3302 | S.D. Tex. Bankruptcy (Harmon) | Motion to withdraw reference | Di Ferrante v. Young | Terminated and re-filed as #07-64 | |
| 06-3378 | S.D. Tex. District (Harmon) | Appeal of 06-3302 | Young v. Di Ferrante | Affirmed Bankruptcy Court on 8/29/2007 | |

4

| Case # | Court/Judge | Description of Case or Proceeding | Debtor or Lead Parties | Disposition/Status | Appeal Status |
|---|---|---|---|---|---|
| 07-64 | S.D. Tex. District (Harmon) | Consideration of Report and Recommendation in 06-3378 | Di Ferrante v. Young | Denial of motion to withdraw reference from Bankruptcy Court | Affirmed |
| 07-101 | S.D. Tex. District (Gilmore) | Appeal of termination of stay in 06-80534 | Doris Young | Dismissed with prejudice, reconsideration pending | |
| 07-843 | S.D. Tex. District (Gilmore) | Consideration of Report and Recommendation in 06-8044 | Young v. Davidson Trust | Consolidated with 07-101 | |
| 07-20443 | Fifth Circuit | Appeal of 07-64 | Di Ferrante v. Young | Affirmed District Court's decision | |

**The Parties and the Underlying Dispute**

Doris Ann Young is married to Donald Lee Young. Mr. and Ms. Young have an adult daughter, Donna Holcomb. Ms. Holcomb and her husband own a corporation named Two Story Enterprises, Inc.

Mr. Di Ferrante is a Texas attorney. At one time, he was Donald Young's attorney. There was a fee dispute between Mr. Young and Mr. Di Ferrante. Di Ferrante prevailed in the fee dispute in state court. He then claimed that Donald Young had promised to pay the legal fees out of the sale of certain properties owned by Young, including certain property in Kemah, Texas. Di Ferrante did not have a recorded lien against the property.

Di Ferrante alleges that Young defrauded Di Ferrante by transferring non-exempt property to the Youngs' daughter.. Although the dispute has a number of complications, the heart of the dispute concerns property located in Kemah.

In 1964, Mr. and Ms. Young bought a home on two lots (lots 24 and 25 of Block 4, West Kemah Subdivision, Section 1, Volume 254-A Page 52, Galveston County, Texas) in Kemah,

5

Texas. In 1967, Mr. and Ms. Young acquired the adjacent lot (lot 26 in the same subdivision). The Kemah property was transferred to Two Story Enterprises and transferred back to the Youngs. Di Ferrante claims that the various transfers were undertaken in order to defraud him of his right to collect his legal bill from Donald Young.

This Court has never had an opportunity to address the disputes between the parties based on the merits. Instead, the Court has granted substantial relief to Di Ferrante based on the Young's wholesale defiance of this Court's discovery orders.

Although this Court does not have comprehensive knowledge of all activities in the state courts, Di Ferrante's proof of claim filed in the most recent bankruptcy case was filed under penalty of perjury. It has prima facie validity. *In re Southland Corp.,* 160 F.3d 1054, 1059 (5th Cir. 1998). Attached to the proof of claim are a number of state court documents. These include the following:

- A Partial Default Judgment in case No 52,700 in County Court at Law No. 2 of Galveston County, Texas in which the Court granted default judgment to Di Ferrante and against the Youngs for breach of contract, quantum meruit, common law fraud, and conspiracy to defraud, subject to any statute of frauds defense.

- A Partial Default Judgment in case No 52,700 in County Court at Law No. 2 of Galveston County, Texas in which the Court granted default judgment avoiding transfers of the Kemah property by Two Story Enterprises to the Youngs.

- An order in case No. 781441 in County Civil Court at Law No. 4 of Harris County, Texas in which the Youngs' answers to Di Ferrante's complaint were stricken for discovery abuse, subject to their statute of frauds defense.

### Dispositive Ruling by This Court

The Youngs allege that the Kemah property is their homestead, exempt from execution by creditors. Di Ferrante alleges that the Youngs' homestead is located in Baytown, Texas, and that the Youngs falsely allege the Kemah property to be their homestead. The dispute regarding the homestead claim is fact intensive.

6

The Youngs allege that they have fully cooperated in discovery and that Di Ferrante seeks discovery for abusive purposes. The Court has repeatedly ordered that the Youngs attend depositions and produce documents. They have failed to comply. A series of sanctions and admonitions has been issued against the Youngs. The discovery abuses began when Mrs. Young refused to produce documents in accordance with an order issued on March 28, 2006. For the past 18 months, the Court has issued a series of orders intended to force Mr. Young and Mrs. Young to provide documents and depositions. Despite multiple warnings and admonitions, the Youngs have not complied.

In adversary proceeding 06-3195, the Youngs again failed to comply with discovery requests made by Di Ferrante and failed to comply with this Court's discovery orders. The culminating events occurred in the Spring of 2007. On March 19, 2007, Di Ferrante filed a motion for sanctions. The sanctions motion outlined the Youngs' repeated discovery abuses. No response was filed. On April 18, 2007, this Court issued its final warning to the Youngs:

### ORDER IMPOSING SANCTIONS

*Di Ferrante filed a motion for sanctions on March 19, 2007. The motion was amended on March 21, 2007. No response has been filed to the motion. The Court will deem the allegations admitted.*

*This Court has repeatedly issued discovery orders with respect to the ongoing disputes between Di Ferrante and the Defendants. In his sanctions motion, Di Ferrante seeks an order that would effectively grant him a final judgment in this adversary proceeding. Such a judgment would result in a determination that the home in which the Youngs reside is not their homestead and that Di Ferrante is authorized to foreclose on the property on which the Youngs reside.*

*This Court has previously informed the Youngs that continued discovery malfeasance on their part could result in such an adverse finding. Notwithstanding this Court's strong admonitions, the Defendants persist in their discovery abuses. The Court is loathe to cause the eviction of the Youngs from their home without a full hearing on the merits to determine if Di Ferrante is entitled to this extraordinary relief. Nevertheless, the Court may be left with no choice if the Youngs persist.*

*The Court orders:*

*1. Within 10 days of entry of this order, the Defendants shall deposit $3,000 in the Court's registry. If they fail to do so, the Court will deem all factual allegations in favor of Di Ferrante.*

  *2. The Court will conduct a hearing to determine Di Ferrante's monetary losses from the Defendants' discovery abuses. The $3,000 will be distributed in accordance with any losses awarded to Di Ferrante, with the balance, if any, paid to the Defendants.*

  *3. Within 5 days of entry of this order, Mr. Aronowitz shall file with the Court alternative dates for the depositions. At least five alternative dates will be provided. Each date will be on a Monday, Tuesday, Wednesday, Thursday or Friday. Each of the dates will be more than 10 and less than 30 days from the date on which the notice is filed. If Aronowitz fails to do so, the Court will deem all factual allegations in favor of Di Ferrante.*

  *4. Within 5 days of the filing of the notice by Aronowitz, Di Ferrante shall file a notice with the Court in which he selects one of the five dates for the depositions. The depositions will commence at 9:00 a.m. at a location selected by Di Ferrante and will continue from day to day until completed.*

  *5. The Defendants are ordered to appear at the depositions not later than 8:45 a.m. on the date on which they are scheduled. All documents previously ordered to be produced are ordered to be produced. The Court's prior orders issued in case 06-80534 and in this case regarding discovery shall control. If the Defendants fail to arrive by 8:45 a.m. with the required documents, the Court will deem all factual allegations in favor of Di Ferrante.*

  *6. Aronowitz is ordered to appear at the depositions at 8:45 a.m. on the scheduled date and to remain until the depositions are completed.*

  *7. Ms. Holcomb must attend her deposition and may attend all depositions.*

The Youngs did not comply with the foregoing order. Accordingly, on May 15, 2007, the Court ordered that the Youngs would not be able to present any defenses to the litigation; Di Ferrante's allegations in his complaint were deemed admitted.

Following the admissions, Di Ferrante sought summary judgment. On August 10, 2007, partial summary judgment was granted to Di Ferrante in which the Court held that the Kemah property was not the Youngs' homestead. That order was interlocutory. This order makes that decision final.

The August 10, 2007 order was interlocutory because it did not determine whether Di Ferrante held a lien against the Kemah Property. However, the validity of his lien (or lack thereof) is no longer an issue. If the property is not exempt from the claims of creditors, then a judgment creditor may execute on the property to satisfy a judgment claim. Accordingly, this Court has determined that justice mandates the termination of the proceedings pending in this Court and that Di Ferrante—in his capacity as a judgment creditor rather than as an alleged lien

8

holder—should be allowed to exercise his rights against the property. Because other creditors' rights are preserved in the order set forth below, the Court has determined that it is just to end the federal litigation between the parties.

### Representation by Counsel

As set forth in more detail below, the Youngs now request that their pending bankruptcy case be dismissed and that they be restored to the position that they occupied prior to the issuance of this Court's orders. They argue that this Court's rulings have not been just and that they have been unable to defend themselves because they have not been represented by counsel. Although the Youngs are now without counsel, they were represented by counsel throughout most of the litigation.

The chart above sets forth 17 matters filed in the federal courts that pertain to this dispute. The docket sheets in those matters reflect that the following counsel represented the Youngs at various times:

| Case # | Court/Judge | Description of Case or Proceeding | Debtor or Lead Parties | Counsel | Comment |
|---|---|---|---|---|---|
| 03-36052 | S.D. Tex. Bankruptcy (Greendyke) | Chapter 13 bankruptcy | Donald Young | Curtis McCreight | |
| 03-38300 | S.D. Tex. Bankruptcy (Brown) | Chapter 11 bankruptcy | Two Story Enterprises | Filed without counsel | Corporate Case not properly commenced without counsel |
| 05-44312 | S.D. Tex. Bankruptcy (Clark) | Chapter 11 bankruptcy | Two Story Enterprises | Filed without counsel | Corporate Case not properly commenced without counsel |
| 05-94375 | S.D. Tex. Bankruptcy (Isgur) | Chapter 13 bankruptcy | Donald Young | Margaret McClure, Mark Aronowitz, William Hall | McClure was allowed to withdraw on her motion that the client insisted on pursuing |

9

| Case # | Court/Judge | Description of Case or Proceeding | Debtor or Lead Parties | Counsel | Comment |
|---|---|---|---|---|---|
| | | | | | improper objectives. |
| 06-3195 | S.D. Tex. Bankruptcy (Isgur) | Adversary Proceeding | Di Ferrante v. Young | Margaret McClure, Mark Aronowitz | McClure was allowed to withdraw on her motion that the client insisted on pursuing improper objectives; Aronowitz was substituted as counsel, but was eventually suspended from practice. However, his suspension was *after* the latest order imposing sanctions was issued. |
| 06-3302 | S.D. Tex. Bankruptcy (Isgur) | Adversary Proceeding | Young v. Di Ferrante | Margaret McClure, Mark Aronowitz | McClure was allowed to withdraw on her motion that the client insisted on pursuing improper objectives |
| 06-8044 | S.D. Tex. Bankruptcy (Isgur) | Adversary Proceeding | Young v. Davidson Trust | Mark Aronowitz | |
| 06-80397 | S.D. Tex. Bankruptcy (Isgur) | Chapter 7 bankruptcy | Doris Young | Mark Aronowitz | |
| 06-80534 | S.D. Tex. Bankruptcy (Isgur) | Chapter 7 bankruptcy | Doris Young | Mark Aronowitz | |
| 07-3383 | S.D. Tex. Bankruptcy (Isgur) | Adversary Proceeding | Di Ferrante v. Young | Answer not yet due | |
| 07- | S.D. Tex. | Chapter 7 | Donald | Filed pro se | |

10

| Case # | Court/Judge | Description of Case or Proceeding | Debtor or Lead Parties | Counsel | Comment |
|---|---|---|---|---|---|
| 80119 | Bankruptcy (Isgur) | bankruptcy | Young | | |
| 06-3302 | S.D. Tex. Bankruptcy (Harmon) | Motion to withdraw reference | Di Ferrante v. Young | Mark Aronowitz | |
| 06-3378 | S.D. Tex. District (Harmon) | Appeal of 06-3302 | Young v. Di Ferrante | Mark Aronowitz | |
| 07-64 | S.D. Tex. District (Harmon) | Consideration of Report and Recommendation in 06-3378 | Di Ferrante v. Young | Mark Aronowitz | |
| 07-101 | S.D. Tex. District (Gilmore) | Appeal of termination of stay in 06-80534 | Doris Young | Mark Aronowitz | |
| 07-843 | S.D. Tex. District (Gilmore) | Consideration of Report and Recommendation in 06-8044 | Young v. Davidson Trust | Mark Aronowitz | |
| 07-20443 | Fifth Circuit | Appeal of 07-64 | Di Ferrante v. Young | Mark Aronowitz | |

On June 15, 2007, Mark Aronowitz was suspended from the practice of law. The gravamen of the Youngs' complaint is that Mr. Aronowitz' suspension from practice rendered them defenseless in this complex litigation. That is not a fair view of the events. The Youngs would not comply with discovery. Their non-compliance occurred when either McClure or Aronowitz were their counsel. Their repeated failure to meet their discovery obligations both in State Court and in Federal Court cannot be attributed to their counsel. It is attributable to their own refusal to comply with the Court's orders.

Moreover, when the Court learned that Aronowitz had been suspended, the Court *sua sponte* issued its June 22, 2007 order requiring Aronowitz to show cause why new counsel was not required. The June 22, 2007 order also abated all responses for 31 days and rescheduled all

hearings until after the expiration of 30 days. In response, the Youngs filed a motion to allow Aronowitz to withdraw and to allow the Youngs to proceed *pro se*.[3]

In short, the Youngs were represented by counsel at the time of their discovery abuses. Aronowitz' recent suspension has not affected the outcome. Moreover, the Youngs have taken no steps to retain new counsel.

### Requests for Dismissals

On August 14, 2007, the Court issued Doris Young's discharge in her chapter 7 bankruptcy case. Although she has been discharged, the discharge does not close her estate. The chapter 7 trustee has a duty and her creditors have a right to discover the extent of her assets. Doris Young refuses to cooperate in providing the requisite discovery.

On August 10, 2007, the Court ordered the depositions of Doris Young and Donald Young. The Court instructed the Youngs that the Court would be left with no choice but to order their incarceration if they again failed to comply with the Court's discovery orders. The pending incarceration was coercive only. The Court informed the Youngs that the incarceration would terminate when they produced the required documents and completed their depositions.

At a hearing on August 31, 2007, the Court conducted a hearing regarding multiple matters. Donna Holcomb, the Youngs' daughter, appeared at the hearing and stated that Mr. Young had been in an auto-pedestrian accident and that Mrs. Young was caring for him. Consequently, according to Ms. Holcomb, the Youngs were unable to comply with the Court's orders. The Court abated discovery pending further information regarding Mr. Young's health.

---

[3] On August 10, 2007, Doris Young filed a motion in which she alleged that the motion to withdraw was filed by Aronowitz without her authority. The Court has referred that matter for disciplinary review by Chief Judge Head. However, if Aronowitz filed the motion without authority, then the Youngs failed to respond at all to the Court's June 22, 2007 order.

12

Despite having been granted her discharge, Doris Young now seeks to dismiss her chapter 7 bankruptcy. The reason that she seeks the dismissal is to avoid compliance with the discovery order.

Donald Young has also filed a motion to dismiss his case.

A chapter 7 case can only be dismissed after notice and hearing and only for cause. 11 U.S.C. § 707. Accordingly, dismissal of the Youngs' cases may not be granted unless the Court determines that the proposed dismissal satisfies the requirements of § 707.

Doris Young's dismissal motion seeks to dismiss her bankruptcy case without prejudice against refiling. The motion requests this relief so that the Kemah property can be returned to the Youngs by the chapter 7 trustee. The motion proposes to vacate Doris Young's discharge. Donald Young's motion also seeks a dismissal without prejudice.

The Court cannot conceive any logical justification to dismiss these cases *without prejudice* against refiling. Between them, Doris and Donald Young have filed five bankruptcy petitions, four in the last two years. To allow these cases to be dismissed, but then refiled, defies reason.

Nevertheless, the Court presently intends to dismiss the pending chapter 7 cases, but with prejudice against refiling pursuant to an order that will read as follows:

### ORDER AND JUDGMENT

*For the reasons set forth in the Court's separate Memorandum Opinion, the Court orders:*

*1. The Kemah Property has been determined to be non-exempt. That determination stands. The Kemah Property is charged with the following liens:*

    *A. First, the liens securing the ad valorem tax claims of the state and local taxing authorities.*

    *B. Second, the administrative expenses of the chapter 7 trustee. The chapter 7 trustee must file any application for administrative expenses within 20 days of the disposition of all appeals of this order. If no appeal is filed, then the application must be filed not later than October 31, 2007. A copy of this order should be filed in the real property records and serves as a lien on the Kemah Property. The legal description of the Kemah Property is:*

> "All of those certain tracts or parcels of land situated in Galveston County, Texas, known and described as Lots 24 and 25, Block 4, West Kemah, Section 1, according to the map or plat thereof, recorded in Volume 254-A, Page 52, Galveston County, Texas."

C. Third, the claims of Chris Di Ferrante in an amount equal to the sum of (i) claims that have been reduced to judgment or order by a Court of competent jurisdiction, including claims allowed by interlocutory order; and (ii) all filing fees incurred by Di Ferrante in any of the above listed cases and proceedings, as follows:

(i) Di Ferrante must file a bill of costs and proposed order within 20 days of the disposition of all appeals of this order. If no appeal is filed, then the bill of costs must be filed not later than October 31, 2007.

(ii) Any claims allowed by interlocutory order are secured by the lien, but the lien may not be foreclosed for payment of claims allowed by interlocutory order until such time as the interlocutory order becomes a final order in accordance with Texas law.

(iii) A copy of this order should be filed in the real property records and serves as a lien on the Kemah Property. The legal description of the Kemah Property is:

> "All of those certain tracts or parcels of land situated in Galveston County, Texas, known and described as Lots 24 and 25, Block 4, West Kemah, Section 1, according to the map or plat thereof, recorded in Volume 254-A, Page 52, Galveston County, Texas."

D. Paragraphs 1A, 1B and 1C fully address all filed, secured claims against Doris Young. The balance of all claims against Doris Young have been discharged. Other than Di Ferrante's claims, no unsecured claims were filed against Doris Young.

2. Claims against Donald Young have not been discharged. Upon dismissal of his case, his creditors are not stayed from collection against him and their claims will have not been discharged.

3. Donald Young's case is dismissed. He is barred from filing another bankruptcy case without prior leave of Court.

4. Doris Young's case will be closed. She retains her chapter 7 discharge. She is barred from filing another bankruptcy case without prior leave of Court.

5. The Court has issued various sanctions orders against the Youngs. The Court finds that further imposition of monetary sanctions serves no meaningful purpose. The Court's sanction in adversary proceeding 06-3195 that deemed all of Di Ferrante's allegations as admitted is sufficient to serve as a deterrent to future wrongful behavior by litigants. All non-compensatory monetary sanctions are vacated. All compensatory monetary sanctions previously awarded are fully enforceable in accordance with the balance of the terms of this order.

6. The Youngs have deposited a bond in the registry of the Court in case 06-80534. It is unclear whether that bond is the property of Midtown Park Development, Ltd. (a company owned by the Youngs' son, Paul Young), by Paul Young or by Donald Young. The clerk shall pay the amount held in the Court's registry jointly as follows: "Paul Young, Donald Lee Young and Midtown Park Development Ltd." The payment shall occur when this order is no longer stayed. Subject to Doris Young's discharge, payment to these parties is without prejudice of any person's execution rights under applicable non-bankruptcy law.

7. This order terminates all disputes that must be addressed by this Court in adversary proceedings #06-3195, #06-8044, and #07-3383. Accordingly, this order constitutes a final judgment in #06-3195 and a dismissal without prejudice in #06-8044 and 07-3383.

8. This order is stayed, as follows:

    A. A copy of this order shall be filed by the chapter 7 trustee in the real property records without delay. The liens imposed by this order are effective upon entry of the order.

    B. The last sentences of paragraphs 3 and 4 of this order are not stayed.

    C. The balance of this order is stayed.

    D. Notwithstanding that the balance of the order is stayed, all cases and adversary proceedings are abated pending a termination of the stay or an appellate reversal or remand of this order.

    E. The stay terminates on the later of (i) October 5, 2007; or (ii) 30 days after a final judgment affirming this decision is issued by the United States District Court, unless the District Court's order is stayed.

9. The Court's case manager shall deliver a copy of this Order to Judge Harmon and to Judge Gilmore.

10. Any other matter that is pending in any of the above referenced cases and proceedings is denied, without prejudice.

11. This is a final order.

## Due Process

The Court recognizes the unique nature of this Order. Nevertheless, the Court believes that it is necessary to issue this order, *sua sponte*, pursuant to 11 U.S.C. § 105. The Court intends to issue the foregoing order (or may issue a variant of the order based on consideration of any objections that are filed) if the Court determines that issuance of the order is appropriate after consideration of all objections.

Any objection must be filed not later than October 5, 2007. The Court will schedule a hearing on filed objections if the Court determines that a hearing is appropriate.

September 7, 2007.

                                                                 **Marvin Isgur**
                                                                 **UNITED STATES BANKRUPTCY JUDGE**